Lance WILLIAMS, Plaintiff–Appellant,

v.

Lloyd KINNEAR, et al., Defendants–Appellees.

No. 01–1304.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before NELSON, CLAY, and GARWOOD,* Circuit Judges.

### ORDER

Lance Williams, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Williams sued Michigan Department of Corrections (MDOC) employees and "John Doe" employees of the Detroit–Electronic Monitoring Service Center. He alleged that the defendants violated his rights under the First, Fourth, and Fourteenth Amendments when they conspired to: (1) place Williams in a confinement residence with marijuana smokers to convict him of the major misconduct charge of substance abuse, and (2) install a defective electronic monitoring

device to convict him of the major misconduct charge of escape. He also raised state law claims. The district court granted Williams in forma pauperis status, screened the complaint, and dismissed the complaint as frivolous. See 28 U.S.C. §§ 1915(e)(2), 1915A. The district court concluded that Williams's complaint was barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In his timely appeal, Williams reasserts the claims from his complaint.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).

Upon review, we conclude that the district court properly dismissed Williams's complaint. Williams was placed in a confinement residence and monitored by an electronic tether. MDOC officials charged Williams with substance abuse after he tested positive for marijuana and charged him with escape when his monitoring device showed he visited an unauthorized destination. Williams claimed that the positive drug test was the result of secondhand smoke and that the escape charge was the result of a defective monitor. Williams's civil rights action is barred because he is attempting to collaterally attack his disciplinary convictions without showing that the charges have been reversed, expunged, declared invalid, or otherwise called into question. See *Edwards v. Balisok,* 520 U.S. 641, 645–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364; *Huey v. Stine,* 230 F.3d 226, 231 (6th Cir.2000).

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Williams's complaint is barred by *Heck* and thus lacks an arguable basis in law. See *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.